**The below described is SIGNED.**

(js)

**Dated: February 21, 2007** _____/s/ Glen E Clark_____
                              **GLEN E. CLARK**
                              **U.S. Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

---

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Beronica Blakeley, aka | ) | Bankruptcy Case No. 06C-23646 |
| Beronica MacKnight | ) | |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

---

This matter came before the Court on the 17th day of January, 2007 on the motion of America First Federal Credit Union (the "Credit Union") to authorize a reaffirmation agreement. Richard H. Reeve of VanCott, Bagley, Cornwall & McCarthy P.C. appeared on behalf of the Credit Union. The Debtor, Beronica Blakeley, appeared pro se.

<u>Jurisdiction</u>

Because this concerns the reaffirmation of a debt, this is a "core" matter and the Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157(b).

Background

Debtor filed her Chapter 7 bankruptcy petition on September 26, 2006. The Debtor's schedules indicate a $7,828.11 debt in favor of the Credit Union secured by a 2003 Honda Civic LX[1] (the "vehicle"). The Debtor estimates the value of the vehicle to be $10,000.00. The Debtor timely filed a statement of intention indicating her intention to reaffirm the debt owed to the Credit Union.

The Debtor's first meeting of creditors was held on November 15, 2006, and on November 28, 2006, thirteen days after the first date set for the meeting of creditors, Debtor signed a reaffirmation agreement with the Credit Union. The agreement reaffirms a debt of $7,376.12 and requires the Debtor to make 29 payments of $267.26/ month. Debtor's Schedules I and J showed gross income of $2,000.00 per month with total expenses for the family of four of $2,286.00 per month leaving a net income of minus $286.00 each month. Part D of Debtor's Statement in Support of Reaffirmation Agreement indicates that debtor had total income of $2,850.00 per month with total expenses of $510.00 per month, leaving $1,840.00 per month to make payments required under the reaffirmation agreement[2].

The Debtor appeared at the hearing in support of the reaffirmation agreement indicating that she must be able to transport her children to and from daycare and that the vehicle is her only means of transportation. Debtor is presently working part time, and she and her husband

---

[1] The reaffirmation agreement indicates that the vehicle had an original purchase price or original loan amount of $16,368.68.

[2] These numbers have no resemblance to reality or mathematical accuracy. Remember, this is a motion filed by the Credit Union.

are living with relatives. Debtor testified that all payments due to the Credit Union have been made, that the vehicle is insured and that she is not in default under the terms of the contract.

Analysis

Because the Debtor is not represented by counsel, in order to approve the reaffirmation agreement, the Court must make a finding that the reaffirmation agreement (i) does not impose an undue hardship on the debtor or a dependent of the debtor; and (ii) that approval of the reaffirmation agreement is in the best interest of the debtor. 11 U.S.C. § 524(c)(6)(A). For purposes of determining whether approval of the reaffirmation agreement is in the best interest of the Debtor, the Court will examine, from the Debtor's point of view, whether the Debtor is better off with the reaffirmation agreement approved or denied by the Court.

Prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, ("BAPCPA"), a debtor that remained current with contractually required payments to a secured creditor could usually "ride through" bankruptcy without having to redeem or reaffirm the debt owed to the secured creditor. Lowry Federal Credit Union v. West, 882 F.2d 1543, 1547 (10th Cir. 1989) which at 1547 states as follows:

> [A]lthough we regard as mandatory the provisions of [section 521(2)], we do not believe those provisions make redemption or reaffirmation the exclusive means by which a bankruptcy court can allow a debtor to retain secured property. When the state of the evidence indicates neither the debtor nor the creditor would be prejudiced, a bankruptcy court may allow retention conditioned upon performance of the duties of the security agreement as a condition of retention.

Because the Debtor is current on all payments and is not in default under the terms of the contract, this is the type of circumstance that would have met the "ride through" criteria described in Lowry.

BAPCPA has eliminated simple retention and "ride through" as an option for debtors[3]. The changes incorporated by BAPCPA are found in four subsections of the Code, each of which interacts with the other. Those four subsections are § 521(a)(2), which defines debtor's requirements, and §§ 521(a)(6), 521(d) and 362(h)(1) which provide additional requirements and add remedies in the event that a debtor fails to comply with the requirements. Together, these four subsections have been interpreted to eliminate the possibility of a debtor "riding through" a bankruptcy case without obtaining approval of a reaffirmation agreement concerning personal property which the debtor intends to retain[4].

### Section 521(a)(2)

Section 521(a)(2) provides that if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate, then the debtor must:

> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
>
> (B) within 30 days after the first date set for the meeting of creditors under Section 341(a) or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
>
> (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

---

[3]See In re Steinhaus, 349 B.R. 694 (Bankr.D.Idaho 2006); In re Norton, 347 B.R. 291 (Bankr.E.D.Tenn. 2006).

[4]See Stern, Reaffirmation Under BAPCPA: Did Ride-Through Survive?, 2007 Norton Bankr. L Advisor No. 1 at p. 6.

§ 521(a)(2).

Among other things, § 521(a)(2) requires a debtor to file a statement of intention that the debtor either will either surrender, redeem or reaffirm a secured debt. Section 521(a)(2) further requires that the debtor timely perform her intention with respect to such property.

The Debtor in the present case timely filed her statement indicating that she would reaffirm the debt securing the vehicle and, within 30 days after the meeting of creditors[5], the Debtor performed her intention with respect to the vehicle by entering into the reaffirmation agreement with Credit Union. Having done so, the Debtor has fully complied with the requirements of § 521(a)(2).

### Section 521(a)(6)

Section 521(a)(6) provides that a debtor shall:

> (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either --
>
> (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>
> (B) redeems such property from the security interest pursuant to section 722.
>
> If the debtor fails to act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and

---

[5]The requirement that the debtor shall perform her intention with respect to such property should not be read as mandating that the debtor entirely consummate her stated intention within the 30 day time period. See In re Price, 370 F.3d 362, 372 (3rd Cir. 2004) (Ruling that former § 521(2)(B) "cannot really mean that a debtor must fully accomplish the option set out in the statement of intention within this time frame.").

the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law...

11 U.S.C. § 521(a)(6).

Section 521(a)(6) requires that a debtor shall not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured to the personal property unless the debtor enters into a reaffirmation agreement or redeems the property. Given the language of § 521(a)(6), it appears that this subsection was purposefully drafted by Congress to focus on some very narrow instances of bankruptcy abuse.

Section 521(a)(6) only applies if a creditor has an "allowed claim". The subsection requires that a creditor hold an "allowed claim" and not simply a "claim"[6]. "Congress in drafting section 521(a)(6) used the phrase "allowed claim," not merely "claim." The Court cannot ignore this choice of words." In re Anderson, 348 B.R. 652, 657 (Bankr.D.Del. 2006). But see In re Rowe, 342 B.R. 341 (Bankr.D.Kan. 2006) (The word "allowed" is so problematic that it should be disregarded in the construction of § 521(a)(6)).

Allowance of a claim in bankruptcy is governed by § 502. A claim is allowed under § 502 after a proof of claim is filed under § 501, or a claim is deemed filed. Credit Union has not filed a proof of claim nor has a proof of claim been deemed filed. Although the Credit Union has a claim, it does not have an "allowed claim" and § 521(a)(6) does not apply to the vehicle.

---

[6]"Where Congress includes particular language in one section of a statute but omits it in another, it is generally assumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Keene Corp. v. United States, 508 U.S. 200, 208, 113 S.Ct. 2035, (1993). Note, for example, that § 362(h), which also amended by BAPCPA to deal with reaffirmation agreements, refers only to a "claim", not to an "allowed claim".

Furthermore, Credit Union does not have a claim for the purchase price of the vehicle. Section 521(a)(6) only applies if the creditor has a claim for the purchase price of the property[7]. Section 521(a)(6) specifies that the claim be "for the purchase price" of the property. It does not specify "purchase-money security interest" or "purchase-money obligation" which are terms of art used throughout both commercial and consumer law as well as in the Bankruptcy Code. While instances where a creditor would hold a claim for the purchase price of property are rare, it does occur in situations of abuse when a debtor, knowing full well that they are about to file bankruptcy, will take advantage of "no down payment" offers to purchase vehicles or other property. This type of abusive behavior often culminates with the debtor filing bankruptcy on the eve of repossession with the debtor having enjoyed possession and use of the vehicle or property for months without ever having made a payment to the creditor. The remedy found in §521(a)(6) is fitting response to that type of abusive behavior. In this case, the Debtor has done the opposite. She has made every payment due under the contract and has reduced the outstanding balance from $16,368.68 to $7,387.12. Section 521(a)(6) is inapplicable to this Debtor.

Even if § 521(a)(6) were to apply to this Debtor, she has fully complied with the requirements of § 521(a)(6). Having entered into the reaffirmation agreement 13 days after the first meeting of creditors, Debtor fully complied with the requirement under § 521(a)(6), and the remedy found under § 521(a)(6) in inapplicable to this Debtor.

### Section 362(h)

Section 362(h)(1) with provides that:

---

[7]"A plain meaning construction of the term "claim for the purchase price" indicates a claim for the *full purchase price*." In re Donald, 343 B.R. 524, 536 (Bankr.E.D.N.C. 2006).

> (h)(1)  In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>
> > (A) to file timely an statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
> > (B) to take timely action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refused to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1).

Section 362(h) provides that if a debtor fails to timely comply with the requirement found under § 521(a)(2) and take timely action specified in such statement before the expiration of the period for taking action, then the automatic stay terminates with respect to the secured personal property is terminated.  Here, the Debtor timely complied with the requirements found under § 521(a)(2), she took timely action by entering into the reaffirmation agreement, and she appeared before the court at the scheduled hearing to consider the reaffirmation agreement where she honestly and openly testified in support of the reaffirmation agreement.  The Debtor has met all of the requirements under § 362(h).

Section 521(d)

Section 521(d) provides that:

> (d) If the debtor fails timely to take the action specified in subsection (a)(6) of this section, or in paragraphs (1) and (2) of section 362(h), with respect to property which a lessor or bailor owns and has leased, rented, or bailed to the debtor or as to which a creditor holds a security interest not otherwise voidable under section 522(f), 544, 545, 547, 548, or 549, nothing in this title shall prevent or limit the operation of a provision in the underlying lease or agreement that has the effect of placing the debtor in default under such lease or agreement by reason of the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor. Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance.

11 U.S.C. § 521(d).

Because the Debtor has fully complied with the requirements under §§ 521(a)(6) and 362(h), the provisions of § 521(d) do not apply to this Debtor.

Having determined that the Debtor has fully complied with the above requirements, the Court must determine what impact the Court's decision to approve or disapprove the reaffirmation agreement will have, in order to determine what is in the best interest of the Debtor.

If the Court approves the reaffirmation agreement, the Debtor will be entitled to remain in possession of the vehicle for two reasons: 1) because of the reaffirmation agreement, and 2) because of the Bankruptcy Code's limitations[8] that prevent a creditor from declaring a contract in default because of a debtor's insolvency or bankruptcy.

If the reaffirmation agreement is approved, the Debtor will be responsible for the entire amount of the indebtedness owed to the Credit Union and, should the Debtor default under the terms of the contract, Credit Union may repossess the vehicle, sell the vehicle at auction and

---

[8] A contract provision which permits a creditor to declare a contract in default by virtue of the other party's insolvency or bankruptcy is generally referred to as an *ipso facto* clause. The Bankruptcy Code prevents the operation of contract *ipso facto* clauses at 11 U.S.C. §§ 541(c), 363(l) and 365(e).

seek reimbursement from the Debtor for any deficiency[9] remaining after sale of the vehicle. Given the Debtor's precarious financial condition, the risk of defaulting under a reaffirmed contract is real and the consequence of such a default would impose a hardship upon the Debtor or Debtor's dependants.

If the Court rejects the reaffirmation agreement, Debtor will not be liable for any deficiency in the event that Debtor defaults under the contract and the vehicle is repossessed. Certainly, it is in the best interest of the Debtor to be free from liability on a deficiency in the event that the vehicle is repossessed and sold for a deficiency. Of course, Debtor's desire to retain possession of the vehicle must be considered. The Debtor has not defaulted under the terms of the contract and has complied with all of the above-mentioned subsections of the Code. Under these circumstances, must the Debtor surrender the vehicle simply because the Court refuses to approve the reaffirmation agreement?

From the Debtor's testimony, it appears that Debtor believes that if the Court rejects the reaffirmation agreement, the Debtor is required to immediately turn over possession of the vehicle to the Credit Union. This impression is most likely engendered because of the language found in § 521(a)(6) which provides that if a debtor does not fully comply with the requirements set forth, the debtor shall not retain possession of the personal property, the stay is terminated with respect to the personal property and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law. Had the Debtor not complied with the requirements of §§ 521(a)(6) or 362(h), then § 521(d) would have eliminated the limitations otherwise imposed by the Code on the contract's *ipso facto* clauses and the Credit Union would

---

[9] Under most contracts, the deficiency will include the cost of repossessing the vehicle, the cost of selling the vehicle, any accrued interest, penalties, attorney fees and costs.

be free to declare the contract in default by reason of the Debtor's insolvency or bankruptcy. In re Ruona, 353 B.R. 688 (Bankr.D.N.M 2006).

Because this Debtor has fully complied with the requirements under § 521(a)(2), § 521(a)(6), § 521(d), and § 362(h), the remedies contained in each of the subsections are not triggered. The Debtor is not compelled to surrender possession of the property, the stay is not terminated as to the property, and the Bankruptcy Code continues to prevent and limit the operation of the contract's *ipso facto* clauses.

Court approval of the reaffirmation agreement is not a required element under § 521(a)(6)(A) or any of the other subsections discussed above. Entering into the reaffirmation agreement is all that is required of a debtor under § 521(a)(6). To rule otherwise would potentially penalize a debtor for actions outside the control of the debtor. Had Congress intended for a debtor to obtain court approval of a reaffirmation agreement as a requirement under § 521(a)(6), it could have easily done so by simply omitting the words "enters into an" from § 521(a)(6)(A), and substituting the words "obtains court approval of an". Congress chose the words of the statute[10], and the statute requires only that a debtor enter into a reaffirmation agreement.

Because Debtor has fully complied with all of the requirement under each of the above subsections, none of the remedies contained in the subsections apply to this Debtor or her vehicle. It is not necessary for the Court to approve the reaffirmation agreement in order for the

---

[10]"It is well established that when the statute's language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms." Lamie v. United States Trustee, 540 U.S. 526, 534, 124 S.Ct. 1023, (2004) (quoting Hartford Underwriters Inc. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942 (2000)).

Debtor to comply with § 521 or § 362(h). This means that so long as the Debtor timely makes all required payment under the vehicle purchase contract, and complies with all other requirements under the contract, the Debtor may "ride through" the bankruptcy and retain possession of the vehicle notwithstanding the fact that the Court refused to accept the reaffirmation agreement.

While BAPCPA has done away with simple "ride through" in bankruptcy, it has not entirely eliminated the possibility that a debtor can "ride through" a bankruptcy and retain possession of secured personal property. Under the limited circumstances stated above, where a debtor timely complies with all requirements under §§ 521 and 362(h), the debtor can "ride through" the bankruptcy notwithstanding a bankruptcy court's refusal to approve the reaffirmation agreement.

Because the Debtor fully complied with the requirements under § 521, the Bankruptcy Codes limitations on contract *ipso facto* clauses remain in effect and the Credit Union is prohibited from declaring the contract in default by virtue of the Debtor's insolvency or bankruptcy.

Based upon the above, the court finds that so long as the Debtor adheres to the terms of the contract, the Debtor is entitled to remain in possession of the vehicle regardless of the Court's approval or refusal to approve the reaffirmation agreement. With all other things being equal, the only question left is whether it is in the Debtor's best interest for the Debtor to be personally liable on any deficiency in the event that the vehicle is repossessed. The answer is no, and for

that reason, the Court will deny approval of the reaffirmation agreement. Based upon the above, it is hereby

ORDERED, that Motion for approval of the reaffirmation agreement is DENIED.

End of Document

